# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re:                                    §
                                          §
BERRA, ELICIA                             §   Case No. 10-04067
BERRA, JORGE                              §
                                          §
                                          §
_____Debtor(s)_____§

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                     $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]              $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joseph A. Baldi, Trustee_____
                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 10-04067 | TAD | Judge: Timothy A. Barnes | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|
| Case Name: | BERRA, ELICIA | | | Date Filed (f) or Converted (c): | 02/02/10 (f) |
| | BERRA, JORGE | | | 341(a) Meeting Date: | 03/12/10 |
| For Period Ending: | 10/11/12 | | | Claims Bar Date: | 04/13/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home Location: 6554 S. Keeler, Chica | 165,000.00 | 0.00 | | 0.00 | FA |
| 2. Single Family Home 5710 Crestland Drive Corpus Chr | 103,177.00 | 0.00 | OA | 0.00 | FA |
| Trustee investigated liquiation of real property; no equity to estate; order entered 4/11 compeling Trusee to abandon | | | | | |
| 3. Checking Account - Harris Bank | 700.00 | 0.00 | | 0.00 | FA |
| 4. Household Furnishings - Living Roon, Dining Room, | 800.00 | 0.00 | | 0.00 | FA |
| 5. Used Clothing | 400.00 | 0.00 | | 0.00 | FA |
| 6. Life Insurance - State Farm Death Benefit - $50,00 | 0.00 | 0.00 | | 0.00 | FA |
| 7. Life Insurance - State Farm Death Benefit - $99,00 | 0.00 | 0.00 | | 0.00 | FA |
| 8. Life Insurance - State Farm (Children's Policy) De | 0.00 | 0.00 | | 0.00 | FA |
| 9. Employer Provided Pension (Now Collecting) | 0.00 | 0.00 | | 0.00 | FA |
| 10. Cumbias Towing Service Value Indeterminate | 0.00 | 0.00 | | 0.00 | FA |
| 11. 2004 Chevorlet Tahoe - 58,000 Miles | 13,100.00 | 0.00 | | 0.00 | FA |
| 12. 2006 Ford 450 Tow Truck - 58,784 Vehicle for Busin | 14,000.00 | 0.00 | | 0.00 | FA |
| 13. 2002 International Tow Truck - 258,169 Vehicle for | 15,000.00 | 7,500.00 | | 7,500.00 | FA |
| 14. 1997 Chevrolet Pick-Up Truck Vehicle for Business | 1,525.00 | 1,000.00 | | 1,125.00 | FA |
| 15. 1998 Chevrolet Pick-Up Truck Vehicle for Business | 2,360.00 | 500.00 | | 375.00 | FA |
| 16. Mechanic Tools | 2,000.00 | 0.00 | | 0.00 | FA |
| 17. Tax Refunds | 1,435.00 | 0.00 | | 0.00 | FA |
| refund received pre petition | | | | | |
| TOTALS (Excluding Unknown Values) | $319,497.00 | $9,000.00 | | $9,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

LFORM1 UST Form 101-7-TFR (5/1/2011) *(Page: 3)* Ver: 17.00a

Case 10-04067    Doc 42    Filed 11/20/12    Entered 11/20/12 12:29:05    Desc Main
Document      Page 4 of 10

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page:    2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 10-04067    TAD    Judge: Timothy A. Barnes | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | BERRA, ELICIA | Date Filed (f) or Converted (c): | 02/02/10 (f) |
| | BERRA, JORGE | 341(a) Meeting Date: | 03/12/10 |
| | | Claims Bar Date: | 04/13/12 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee pursued liquidation of vehicles; Trustee negotiated with Debtors for sale of equity in vehicles back to Debtors;

order entered 12/11 authorizing Trustee to sell the property to Debtors; Debtors authorized to pay Trustee in

installments Trustee monitored payments; reviewed claims; preparing TFR


Initial Projected Date of Final Report (TFR): 12/31/11      Current Projected Date of Final Report (TFR): 09/30/12

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 10-04067 -TAD |
| Case Name: | BERRA, ELICIA |
| | BERRA, JORGE |
| Taxpayer ID No: | *******4413 |
| For Period Ending: | 10/11/12 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi, Trustee |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******2954  Main Checking |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 01/05/12 | 13 | Elicia and Jorge Berra | SALE PROCEEDS: VEHICLES | 4,500.00 | | | | | 4,500.00 |
| 02/02/12 | 13 | ELICA BERRA<br>Jorge Berra<br>6554 S Keeler Avenue<br>Chicago, IL 60629 | SALE PROCEEDS: VEHICLES | 1,125.00 | | | | | 5,625.00 |
| 02/07/12 | 000101 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | TRUSTEE BOND NO. 016026455 | | | 4.45 | | | 5,620.55 |
| 03/05/12 | 13 | ELICA BERRA<br>Jorge Berra<br>6554 S Keeler Avenue<br>Chicago, IL 60629 | SALE PROCEEDS: VEHICLES | 1,125.00 | | | | | 6,745.55 |
| 04/20/12 | 13, 15 | ELICA BERRA<br>Jorge Berra<br>6554 S Keeler Avenue<br>Chicago, IL 60629 | SALE PROCEEDS: VEHICLES | 1,125.00 | | | | | 7,870.55 |
| 06/05/12 | 14 | ELICA BERRA<br>Jorge Berra<br>6554 S Keeler Avenue<br>Chicago, IL 60629 | SALE PROCEEDS: VEHICLES | 1,125.00 | | | | | 8,995.55 |

| Account *******2954 | | | | |
|---|---|---|---|---|
| | Balance Forward | 0.00 | | |
| 5 Deposits | | 9,000.00 | 1 Checks | 4.45 |
| 0 Interest Postings | | 0.00 | 0 Adjustments Out | 0.00 |
| | | | 0 Transfers Out | 0.00 |
| | Subtotal | $ 9,000.00 | | |
| | | | Total | $ 4.45 |
| 0 Adjustments In | | 0.00 | | |
| 0 Transfers In | | 0.00 | | |
| | Total | $ 9,000.00 | | |

UST Form 101-7-TFR (5/1/2011)  *(Page: 5)*

LFORM2XT

Ver: 17.00a

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

| Case No: | 10-04067 -TAD | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | BERRA, ELICIA | Bank Name: | Congressional Bank |
|  | BERRA, JORGE | Account Number / CD #: | *******2954  Main Checking |
| Taxpayer ID No: | *******4413 | | |
| For Period Ending: | 10/11/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | Date: October 11, 2012 |

Case Number: 10-04067
Debtor Name: BERRA, ELICIA

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Baldi Berg & Wallace, Ltd.<br>19 S. LaSalle St.<br>Suite 1500<br>Chicago, IL 60603 | Administrative | | $1,731.50 | $0.00 | $1,731.50 |
| 001<br>2100-00 | JOSEPH A. BALDI, as Trustee<br>19 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois 60603 | Administrative | | $1,650.00 | $0.00 | $1,650.00 |
| BOND<br>001<br>2300-00 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Administrative | | $4.45 | $4.45 | $0.00 |
| | Subtotal for Priority 001 | | | $3,385.95 | $4.45 | $3,381.50 |
| 000001<br>070<br>7100-00 | Yellow Book Sales & Distribution Inc<br>c/o RMS Bankruptcy Recovery Services<br>POB 5126<br>Timonium, MD 21094 | Unsecured | | $9,130.00 | $0.00 | $9,130.00 |
| 000002<br>070<br>7100-00 | Quantum3 Group LLC as agent for<br>World Financial Network National Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | (2-1) Unsecured Debt | $168.74 | $0.00 | $168.74 |
| 000003<br>070<br>7100-00 | Discover Bank - DB Servicing<br>Corporation<br>PO Box 3025<br>New Albany OH 43054-3025 | Unsecured | | $7,295.38 | $0.00 | $7,295.38 |
| 000004<br>070<br>7100-00 | Capital One, N.A.<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX 75374 | Unsecured | | $699.59 | $0.00 | $699.59 |
| | Subtotal for Priority 070 | | | $17,293.71 | $0.00 | $17,293.71 |
| | Case Totals: | | | $20,679.66 | $4.45 | $20,675.21 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-04067
Case Name: BERRA, ELICIA
            BERRA, JORGE
Trustee Name: Joseph A. Baldi, Trustee

       Balance on hand              $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____
    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Yellow Book Sales & Distribution Inc | $ | $ | $ |
| 000002 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000003 | Discover Bank - DB Servicing Corporation | $ | $ | $ |
| 000004 | Capital One, N.A. | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE